UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security <br><br> Defendant. | Case No. 19-cv-04252-JSC <br><br> **ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 18, 19 |

Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the Administrative Law Judge's order affirming the Social Security Administration's suspension of his Plan to Achieve Self-Support (PASS). The parties' cross motions for summary judgment are now pending before the Court.[1] (Dkt. Nos. 18 & 19.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. The Administration's interpretation of the regulations regarding the PASS program is entitled to deference and the ALJ did not abuse its discretion in affirming the suspension of his PASS plan.

## BACKGROUND

Plaintiff began receiving supplemental security income (SSI) in September 1989.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 10.)

1 (Administrative Record (AR) 6.) In 2009, Plaintiff's application to participate in the Social
2 Security Administration's PASS program was approved. (AR 6.) Under the PASS program, an
3 SSI recipient develops and pursues a vocational plan aimed at eliminating or significantly
4 reducing the claimant's reliance on disability benefits. *See* 20 C.F.R. §§ 416.1180–146.1181. The
5 SSI recipient must set forth a viable and financially sustainable PASS plan with a feasible goal.
6 *See* 20 C.F.R. § 416.1181.

At the time Plaintiff's PASS was approved he was 65—a year away from full retirement age, *see* 20 C.F.R. § 404.409. A year later, when he achieved full retirement age, on July 18, 2010, his SSI disability benefits converted to SSI aged payments and his SSDI benefits converted to retirement benefits. (AR 8.) Seven years later, in July 2017, Plaintiff received a notice suspending his PASS which stated:

> We reviewed your Plan for Achieving Self-Support (PASS). Your plan is suspended effective July 2017 for the following reason:
>
> Your Retirement Benefits received are $872.00, and the Supplemental Security Income is $43.72. The purpose of the Plan to Achieve Self-Support is to be self-sufficient and no longer reliant on Supplemental Security Income . Your entitlement to Retirement Benefits have been in effect since 07/2010. Your current plan has been in effect since 07/2009, your PASS income exclusions total approximately $30,000.
>
> As a result, your plan is suspended based on the amount of funds and time vested to eliminate the reliance on Supplemental Security Income of just $43.72, which is an inadequate amount to result in self-sufficiency and independence of the benefits.
>
> We wish we success in your future endeavors.

(AR 93.) A month later, the Administration denied Plaintiff's request for reconsideration finding that the conversion of his benefits to aged benefits from disability benefits rendered his PASS plan "futile." (AR 98.) In particular, the Administration stated:

> You attained age 65 in 07/2009; you attained FRA in 07/2010. As of 08/2017, you have not completed your PASS. Even if you successfully complete your plan as proposed, you are no longer receiving SSI Disability or SSDI benefits, you are receiving SSI Aged and Retirement as explained above. By successfully completing your plan, you would only stand to lose SSI Aged benefits, your Retirement would not be affected; this defeats the purpose of the PASS program because loss of SSI Aged does not reduce reliance on the disability program. Because your plan could not fulfill the purpose of the PASS program by reducing your reliance the disability program, it cannot be found viable. Because your plan cannot be found viable, we cannot continue it. As a result, we find our first decision to suspend your PASS is correct. Therefore, your request for reconsideration is denied.

(AR 98.)

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on November 15, 2018. (AR 158-179.) On January 16, 2019, the ALJ issued a decision finding that the suspension of Plaintiff's PASS was "appropriate." (AR 6-9.) The ALJ found that while the Administration "made many questionable decisions, including approving his PASS plan when he was 65 years old and close to full retirement age, providing numerous program extensions up to seven years after he attained full retirement age[,] and suspending the program just as he was about to complete it," the underlying purpose of the program was rendered "moot" when his disability benefits were converted to retirement/aged benefits. (AR 8 (citing 20 CFR §§ 404.409 and 416.1180).)

Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. (AR 10.) Plaintiff then sought review in this Court. (Dkt. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment (Dkt. Nos. 18, 19), which are now ready for decision without oral argument.

**LEGAL STANDARD**

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*. In other words, if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). However, "a decision supported by substantial evidence will still be set aside if the ALJ does not apply proper legal standards." *Id.*

**DISCUSSION**

Plaintiff insists that the Administration misapplied the relevant law regarding the PASS program when it found that Plaintiff was no longer eligible for the PASS program as of July 2010

3

when he began receiving full retirement benefits, and that the ALJ's affirmation of this determination was not supported by substantial evidence.

Under 42 U.S.C. § 405(a), the Commissioner has "full power and authority to make rules and regulations and to establish procedures" deemed "necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder." Courts describe the Commissioner as having "exceptionally broad authority." *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) (internal citation omitted). Judicial review of regulations promulgated pursuant to § 405(a) is therefore narrowly "limited to determining whether the regulations promulgated exceeded the [Commissioner's] statutory authority and whether they are arbitrary and capricious." *Id*. (internal citation and quotation marks omitted). Where a statute is silent or ambiguous as to a specific issue, an agency's "legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron, U.S.A., Inc v. Nat. Res. Def. Council, Inc*., 467 U.S. 837, 842-44 (1984). Likewise, "when an agency is authorized by Congress to issue regulations and promulgates a regulation interpreting a statute it enforces, the interpretation receives deference if the statute is ambiguous and if the agency's interpretation is reasonable." *Encino Motorcars, LLC v. Navarro*, ––– U.S. ––––, 136 S. Ct. 2117, 2124 (2016). Similarly, an agency's interpretations of its ambiguous regulations are "controlling unless plainly erroneous or inconsistent with the regulation" or there is other "reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks and citation omitted).

The PASS program is primarily a creature of regulation which arises out of statutory language authorizing the Commissioner of Social Security to approve "a plan for achieving self-support." 42 U.S.C. § 1382a(b)(4)(B)(iv); *see also* 42 U.S.C. § 1382b(a)(4). The key regulation at issue here is 20 C.F.R. § 416.1181(a), which states in relevant part:

> (a) A PASS must—
>     (1) Be designed especially for you;

4

       (2) Be in writing;

       (3) Be approved by us (a change of plan must also be approved by us);

       (4) Have a specific employment goal that is feasible for you, that is, a goal that you have a reasonable likelihood of achieving;

       (5) Have a plan to reach your employment goal that is viable and financially sustainable, that is, the plan—

           (i) Sets forth steps that are attainable in order to reach your goal, and

           (ii) Shows that you will have enough money to meet your living expenses while setting aside income or resources to reach your goal;

       (6) Be limited to one employment goal; however, the employment goal may be modified and any changes related to the modification must be made to the plan;

       (7) Show how the employment goal will generate sufficient earnings to substantially reduce or eliminate your dependence on SSI or eliminate your need for title II disability benefits;

20 C.F.R. § 416.1181(a). In affirming the Administration's suspension of Plaintiff's PASS program as futile the ALJ reasoned that "[o]ne of the objectives of the SSI PASS program is to help blind or disabled persons become self-supporting" and when Plaintiff's "SSI disability was converted to SSI aged payments when he attained full retirement age" the "[c]ompletion of the PASS plan would not reduce the amount of retirement benefits he is entitled to and any loss of SSI aged payments does not reduce reliance on the disability program, which renders moot the underlying purpose of the PASS program."  (AR 8.)

       Plaintiff does not discuss what level of deference applies to the Administration's decision here; indeed, Plaintiff does not acknowledge that any level of deference applies to the Administration's interpretation of the regulations regarding the PASS program.  Instead, Plaintiff makes two arguments: (1) because the regulations regarding the PASS program make no distinction between disability-based benefits and aged-based benefits, the Administration's interpretation is wrong as a matter of law, *see* Dkt. No. 20 at 2:18-24 (citing 20 C.F.R. §§ 416.1181(a)(7); 416.1112(c)(9); 416.1124(c)(13))); and (2) the ALJ's decision was not supported by substantial evidence because completion of his PASS would in fact eliminate his SSI benefits. Neither argument is persuasive.

First, the regulation does not squarely address whether an individual receiving retirement benefits is eligible for the PASS program. This omission renders the regulation ambiguous on this point. Given its ambiguity, the question is not whether the regulation is capable of multiple interpretations, but rather, whether the Commissioner's interpretation "fall[s] fall within the bounds of reasonable interpretation." *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) (internal citation and quotation marks omitted). It does.

The PASS program is designed to reduce dependence on SSI or disability benefits. 20 C.F.R. § 416.1181(a). It is undisputed that once Plaintiff obtained full retirement age, his SSDI benefits converted to non-income based retirement benefits in the amount of $872 and his SSI benefits converted to SSI aged benefits in the amount of $43.72. (AR 93; *see also* 20 C.F.R. § 404.310 (stating that when an individual reaches full retirement age, his SSDI benefits transition from disability benefits to retirement/aged benefits).) The Administration reasoned that because completion of Plaintiff's PASS would have no effect on his retirement benefits, even if it resulted in loss of his SSI aged benefits "loss of SSI Aged does not reduce reliance on the disability program, it cannot be found viable." (AR 98.) In doing so, the Administration distinguished between age-based benefits and disability benefits and found that even if completion of the PASS would result in eliminating the $43.72 that Plaintiff received in aged benefits, because the bulk of his benefits (the retirement based ones), would be unchanged, the underlying purpose of the PASS program—to reduce dependance on disability benefits—would be moot. Plaintiff offers no legal authority for his argument that Administration erred in doing so. Instead, he points to ambiguities in the regulations' language. However, the Court must defer to the Administration's interpretation of its ambiguous regulations as long as reasonable unless an "alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation." *Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988). Plaintiff has not offered evidence of either.[2] The Court thus must defer to the Administration's reasonable

---

[2] To the extent that Plaintiff suggests that Congress' intent was to read the PASS provisions "generously" and provide blind and disabled persons every opportunity to return to employment, Plaintiff has failed to show how the Administration's interpretation of the program as inapplicable for persons who have reached full retirement age—and are no longer received disability as

6

interpretation of its regulation.

Second, the ALJ's decision affirming the Administration's suspension is supported by substantial evidence. Even if, as Plaintiff argues, completion of his PASS would have eliminated the $43.72 he was receiving in aged SSI benefits, it would have had no effect on the $872 he was receiving in retirement benefits. Further, the underlying rationale was that Plaintiff had transitioned to retirement benefits from disability benefits and the program was aimed at providing a path for individuals receiving disability benefits to return to work, not individuals who had reached full retirement age and were entitled to benefits as a result of their age. Even if the evidence could reasonably support another conclusion, the Court must uphold the ALJ's decision and "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

As a final matter, the Court notes, as did the ALJ, that the Administration made numerous questionable and unfortunate decisions with respect to Plaintiff's PASS plan approval and renewal of the plan when Plaintiff was so close to and at retirement age. Given the Administration's unfortunate actions and Plaintiff's reliance on the same, the Court hopes that this will be the end of the matter as far as the Administration is concerned.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

The Clerk will enter separate judgment in the Defendant's favor.

**IT IS SO ORDERED.**

Dated: October 20, 2020

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

opposed to aged-based benefits—is inconsistent with this intent.

7